IN THE UNITED STATES DISTRICT COURT FOR THE FILED
EASTERN DISTRICT OF OKLAHOMA

AUG 25 2010

WILLIAM B. GUTHRIE
Clerk, U.S District Court
By_____
Deputy Clerk

CURTIS W. CUSTER, )
)
Petitioner, )
)
v. ) Case No. CIV 07-243-JHP-KEW
)
MARVIN VAUGHN, Warden, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at William S. Key Correctional Center in Fort Supply, Oklahoma, attacks his conviction in Okmulgee County District Court Case Number CF-2003-194 for Endeavoring to Manufacture Controlled Dangerous Substances (Methamphetamine), after former conviction of two or more felonies. He sets forth the following grounds for relief:

I. Appellate counsel failed to advance claim of ineffective trial counsel on direct appeal. Trial counsel failed to argue in motion to suppress state law requirement that probation officer obtain prior approval from district supervisor before conducting warrantless search.

II. Appellate counsel failed to negate the State's contention on direct appeal that exigent circumstances justified the warrantless search.

III. Trial counsel failed to advise Mr. Custer of the 85% law relevant to the 20-year plea agreement offered by the State. Mr. Custer declined the 20-year plea, because he was under the false belief that he would have to serve 85% of his sentence.

IV. Introduction of irrelevant evidence prejudiced the jury and violated Mr. Custer's 5th and 14th Amendment rights. During the first stage of Mr. Custer's trial, the State introduced evidence of Mr. Custer's previous

drug-related conviction.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence. *Custer v. State*, No. F-2004-224 (Okla. Crim. App. June 23, 2005).

D. Order Denying Application for Post-Conviction Relief. *Custer v. State*, No. CF-03-194 (Okmulgee County Dist. Ct. May 21, 2007).

E. Petitioner's brief in support of his post-conviction appeal.

F. Order Affirming Denial of Post-Conviction Relief. *Custer v. State*, No. PC 2007-90 (Okla. Crim. App. July 27, 2007).

G. Transcript of petitioner's pretrial motions and jury trial proceedings.

H. Petitioner's pen packet.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> As to the "unreasonable application" standard, ... only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254. ... [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)), *cert. denied*, 549 U.S. 1285 (2007)).

**Grounds I and II: Ineffective Assistance of Appellate Counsel**

Petitioner's probation officer made a home visit and discovered items associated with methamphetamine production. Petitioner alleges in Ground I that his trial attorney failed to properly argue in his motion to suppress that a probation officer must obtain prior approval from a direct supervisor before conducting a warrantless search, and his appellate counsel failed to raise the claim on appeal. In Ground II petitioner claims appellate counsel failed to counter the State's argument that exigent circumstances justified the warrantless search. The respondent alleges petitioner cannot show his appellate counsel was ineffective, because the legality of the warrantless search actually was raised on direct appeal, and the denial of the claim by the Oklahoma Court of Criminal Appeals (OCCA) was not contrary to or an unreasonable application of federal law.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id*.

3

at 687. The *Strickland* test also applies to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985).

> The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Consequently, appellate counsel engage in a process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1985) (quoting *Jones*, 463 U.S. at 751-52). The weeding out of weak claims to be raised on appeal "is the hallmark of effective advocacy," *Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991), *cert. denied*, 502 U.S. 835 (1991), because "every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

*United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995).

The record shows that petitioner first raised the issue of the warrantless search on direct appeal, and the OCCA denied relief on the claims. "[Petitioner's] probation officer made a valid home visit pursuant to the rules and conditions of probation. The officer's subsequent actions in discovering a clandestine meth lab and having a Drug Task Force officer obtain a warrant were justified by exigent circumstances involving public safety." *Custer v. State*, No. F-2004, slip op. at 1-2 (Okla. Crim. App. June 22, 2005) (citing *Coffey, Jr. v. State*, 99 P.3d 249 (Okla. Crim. App. 2004)).

Petitioner then raised his ineffective appellate counsel claims regarding the warrantless search in his post-conviction application, which was denied by the trial court and affirmed by the OCCA. *Custer v. State*, No. PC 2007-90, slip op. at 3-4 (Okla. Crim. App. July 27, 2007).

> We ... find no abuse of discretion in [Okmulgee County District] Judge Claver's refusal to grant Petitioner's request for relief based upon his claim of ineffective assistance of appellate counsel. Petitioner claims appellate counsel

4

failed to raise the issue of ineffective assistance of trial counsel by attacking trial counsel's inadequate defense of the Motion to Suppress the warrantless search of Petitioner's home by a probation officer, and by failing to respond to the State's claim that the search was justified because of exigent circumstances. A review of this Court's summary opinion issued in Petitioner's direct appeal indicates that the issue of the legality of the warrantless search was specifically raised by appellate counsel and that appellate counsel filed a reply brief noting the State's misplaced reliance on authority that was issued after Petitioner's conviction. Despite her arguments on his behalf, this Court found that the exigent circumstances in this case obviated the need for the officer in question to seek approval to search Petitioner's residence. As the claim was found to be without merit, Petitioner cannot now claim that failure to raise a claim, that this court has already rejected, constitutes ineffective assistance of appellate counsel, regardless of how the issue of the warrantless search was addressed. We find no merit in this claim, and find that Petitioner is not entitled to the relief requested.

*Id.*, slip op. at 5-6 (citations omitted).

Failure to present a meritless argument does not constitute ineffective assistance assistance of counsel. *Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990) (citing *Strickland*, 466 U.S. at 691-96). Here, the OCCA twice found the claims lacked merit, so appellate counsel's performance did not fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The court, therefore, finds the OCCA's decision was consistent with federal law under 28 U.S.C. § 2254(d). Grounds I and II of this habeas petition are meritless.

**Ground III: Ineffective Assistance of Trial Counsel**

Petitioner alleges in Ground III that his trial counsel failed to advise him of the 85% law relevant to the 20-year plea agreement that petitioner offered by the State. Petitioner claims he declined the 20-year offer because he was under the false belief that he would have to serve 85% of this sentence. He first raised this issue in his post-conviction appeal, but the

5

OCCA did not address it on the merits:

> ... Petitioner alleges that he filed a Motion to Supplement Petitioner's Application for Post Conviction Relief with a claim of ineffective assistance of trial counsel. Petitioner alleges that prior to trial he was offered a plea agreement of 20 years, which he failed to take after trial counsel erroneously advised him that he would have to serve 85% of his sentence. Petitioner alleges it was not until after he was convicted and the Department of Corrections (D.O.C.) started administering his sentence that he realized he was eligible for credits and did not have to serve 85% of his assessed sentence. Petitioner alleges trial counsel was ineffective for failing to properly advise him of the portion of his sentence he would be required to serve; that the District Court failed to address this issue in its order; and that remand of this matter for an evidentiary hearing is the appropriate remedy in this case. ...
>
> First, we direct Petitioner's attention to this Court's Rule 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2007). An appeal to this Court pursuant to the Post Conviction Procedure Act constitutes an appeal from the issues raised, the record, and the findings of fact and conclusions of law made in the District Court. Petitioner's Motion to Supplement his application for Post Conviction Relief was filed on May 18, 2007, the same date the District Court entered its order. It is apparent from Judge Claver's order that it was issued prior to, or simultaneous with, the filing of Petitioner's supplemental request for relief, and was not considered by Judge Claver in his ruling. Moreover, there is no indication from the record filed with this Court that Petitioner was granted permission to file his supplemental application. As the issue raised regarding ineffective assistance of trial counsel was not addressed by the District Court, and the record provided herein does not indicate that it was timely raised as part of this particular Application for Post Conviction Relief, we will not address Petitioner's supplemental claim of ineffective assistance of trial counsel and his request for an evidentiary hearing on the same.

*Custer*, No. PC 2007-90, slip op. at 3-5 (Okla. Crim. App. July 27, 2007) (footnote omitted).

The respondent alleges this claim is procedurally barred.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

6

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Oklahoma Court of Criminal Appeals denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See id.*

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not shown cause for the default. Petitioner was represented by counsel for his post-conviction proceedings, and ineffective assistance of counsel in post-conviction proceedings does not constitute "cause" under federal law. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction

7

of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "'gateway'" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest*, 130 F.3d at 941-42 (10th Cir. 1997) (internal quotations omitted). The court finds petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Ground III of this habeas petition fails.

**Ground IV**

Finally, petitioner alleges the introduction in the first stage of trial of his previous drug-related conviction prejudiced the jury and denied him a fair trial. Petitioner raised a claim on direct appeal that the evidence prejudiced the jury and resulted in an excessive sentence. The OCCA denied it on the merits, finding "no clear abuse of discretion or plain error in admitting the evidence." *Custer*, No. F-2004-224, slip op. at 2 (citing *Reyes v. State*, 751 P.2d 1081, 1083 (Okla. Crim. App. 1988); *Simpson v. State*, 876 P.2d 690, 693 (Okla. Crim. app. 1994).

> As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and federal courts may not interfere with state evidentiary rulings unless the rulings in question rendered "the trial so fundamentally unfair as to constitute a denial of federal constitutional rights," *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989) (quotations and

citations omitted).

*Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir.), *cert. denied*, 534 U.S. 1068 (2001). With regard to evidence of other crimes, the Tenth Circuit has held it "will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denied defendant due process of law." *Duvall v. Reynolds*, 139 F.3d 768, 787 (10th Cir.) (quoting *Hopkinson v. Shillinger*, 866 F.2d 1185, 1197 (10th Cir.1989)), *cert. denied*, 525 U.S., 933 (1998)).

Here, the evidence of prior bad acts was unavoidable under the facts and circumstances of the case. It was not possible to avoid the references to petitioner's probation, because his probation officer was visiting petitioner's home when the meth lab was found. (Tr. I 136, 138-45). The probation officer testified that he was aware of petitioner's "prior criminal history," but petitioner did not object to the remark. (Tr. I 135). In addition, the trial court redacted any reference to the fact that the prior conviction for which petitioner received probation was a felony. (Tr. I 41-42). After a careful review of the record, the court finds petitioner has failed to demonstrate that these references to his criminal history violated due process.

To the extent petitioner is complaining that the references to his criminal history resulted in an excessive sentence, "the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." *Ewing v. California*, 538 U.S. 11, 21 (2003) (quoting *Rummel v. Estelle*, 445 U.S. 263, 271 (1980)). Only in the "exceedingly rare" and "extreme" case, however, will a non-capital sentence be so disproportionate to the offense for which it is imposed that it violates the Constitution.

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). The manufacture of methamphetamine is a serious crime, and petitioner had at least two prior felony convictions. The sentence range for petitioner's crime was 21 years to life imprisonment. Okla. Stat. tit. 21, § 51.1(C). Petitioner's 50-year sentence was within the range allowed by the statutory guidelines.

It, therefore, is clear that the determination of this issue by the OCCA was not contrary to, or an unreasonable application of federal law, and the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Habeas corpus relief is not warranted.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 25th day of August 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE